Victor de Gyarfas (SBN 171950)
email:  vdegyarfas@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:  213-972-4500
Facsimile:   213-486-0065

Attorneys for Plaintiff
iTouchless Housewares & Products, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITOUCHLESS HOUSEWARES & PRODUCTS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FACTORY DIRECT WHOLESALE, LLC, a Georgia LLC,<br><br>　　　　　Defendant. | CASE NO: 16-7295<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff iTouchless Housewares & Products, Inc. ("iTouchless" or "Plaintiff") hereby complains of Defendant Factory Direct Wholesale, LLC, a Georgia LLC Corporation ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district, including selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil L-R 3-2(c), assignment to any Division within the Northern District of California is appropriate because this is an Intellectual Property Action.

## THE PARTIES

5. Plaintiff iTouchless is a corporation organized and existing under the laws of California, having a principal place of business at 777 Mariners Island Blvd., Suite 125, San Mateo, CA 94404.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant, Factory Direct Wholesale, LLC is a Georgia limited liability company having a business address at 2855 N. Berkeley Lake Rd., Duluth, GA 30096.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant has committed the acts alleged herein within this judicial district.

## GENERAL ALLEGATIONS

8. Plaintiff is engaged in the design, manufacturing, distribution, and sales of innovative household products. Plaintiff is the creator of the Touchless Trashcan®, EZ Faucet®, and Towel-Matic®, Sensor Soap Dispenser, and more. Plaintiff's products have been designed not only to make people's daily life easier, but to provide a fresher and cleaner home. Over the past 20 years, Plaintiff has been dedicated to creating unique sensor activated products that are easy-to-use and promote hygiene at home.

9. On May 29, 2012, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Patent No. 8,188,689 (the "'689 Patent"), titled "INDUCTION ACTIVATED COVER ASSEMBLY." Plaintiff is the owner of all right, title, and interest in the '689 Patent, which is valid and enforceable. A true and correct copy of the '689 Patent is attached hereto as Exhibit A.

10. Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States induction activated cover assemblies that infringe Plaintiff's intellectual property rights, including the '689 Patent.

11. On September 20, 2016, Plaintiff sent correspondence notifying Defendant of its potentially infringing activity with respect to the '689 Patent.

12. Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## FIRST CAUSE OF ACTION
## PATENT INFRINGEMENT, 35 U.S.C. § 271

13. Plaintiff repeats and re-alleges the allegations of paragraphs 1-12 of this Complaint as if set forth fully herein.

14. This is a claim for patent infringement under 35 U.S.C. § 271.

15. Claim 1 of the '689 Patent recites:

An induction activated cover assembly, comprising:

a main body, having an opening vertically penetrating the main body, a rear chamber being defined by the main body, a lateral connecting groove being formed on a top surface of the main body, the rear chamber and the connecting groove being located behind the opening, two through holes being formed on two ends of the connecting groove respectively;

a cover, pivotably disposed on the main body to move pivotably between an open position and a close position, the opening being open as the cover is at the open position, the opening being closed as the cover is at the close position, a lateral connecting body being formed on a rear end of the cover, the connecting body having a connecting body opening facing downward, two pivot bores being formed on two ends of the connecting body and corresponding to the through holes respectively;

a covering plate, enclosing the connecting body opening, a receiving room being defined between the connecting body and the covering plate;

two pivots, disposed in the receiving room, each pivot inserting through one of the pivot bores and its corresponding through hole to pivot the cover on the main body;

an induction unit for detecting a movement of a target body;

a driving unit, operatively connecting to the induction unit, the induction unit selectively activating the driving unit to drive the cover to pivotably move between the open position and the close position as the induction unit detects the target body moving;

at least one resilient unit, being disposed in the rear chamber, the resilient unit providing the cover with a torque force for the cover to have a tendency to pivotably move to the open position.

1          16.     Defendant, through its agents, employees, and servants has, and continues
2  to, knowingly, intentionally, and willfully infringe the '689
3  Patent by making, using, selling, offering for sale, and/or
4  importing induction activated cover assembly products having
5  features that are recited by at least claim 1 of the '689 Patent,
6  including, for example and without limitation, Defendant's
7  Model "TC-1350R" product (shown to the right) and also known
8  as 13-Gallon Touch-Free Sensor Automatic Stainless-Steel Trash
9  Can Kitchen 50R, as well as the following products: BestOffice
10 Infrared Touchless Stainless Steel Trash Can, 13.2-Gallon; New White 13-Gallon Touch
11 Free Sensor Automatic Touchless Trash Can Kitchen Office; New Red 13-Gallon Touch
12 Free Sensor Automatic Touchless Trash Can Kitchen Office; New 13 and 2.4 Gallon
13 Touch-Free Sensor Automatic Stainless-Steel Trash Can 09R; and BestOffice New 13-
14 Gallon Touch-Free Sensor Automatic Stainless-Steel Trash Can Kitchen 50R
15 (collectively "'689 infringing products").



16         17.     Defendant has been and is currently infringing the '689 Patent by making,
17 using, selling, offering for sale, and/or importing into the United States, induction
18 activated cover assembly products.
19         18.     Defendant's acts of infringement of the '689 Patent were undertaken without
20 permission or license from Plaintiff.  Defendant had actual knowledge of Plaintiff's rights
21 in the inventive concept claimed in the '689 Patent since at least September 20, 2016, on
22 which date correspondence identifying the '689 Patent was sent to Defendant.
23 Accordingly, Defendant's actions constitute willful and intentional infringement of the
24 '689 Patent.  Defendant infringed the '689 Patent with reckless disregard of Plaintiff's
25 patent rights.  Defendant knew, or it was so obvious that Defendant should have known,
26 that its actions constituted infringement of the '689 Patent.
27
28

19.     Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '689 Patent by making, using, selling, offering for sale, and/or importing induction activated cover assembly products having features that are recited by at least claim 1 of the '689 Patent, including, for example, Defendant's Model "TC-1350R" product as shown below.  Indeed, Defendant's product appears to be an attempt to duplicate precisely the technology disclosed in the '689 Patent as a side-by-side comparison shows:


Defendant's '689 infringing product


'689 Patent, Fig. 1

20.     The '689 infringing products use infrared technology to implement an induction activated cover assembly, as identified in the User Manual for the TC-1350 product, which states: "The automatic trash bin uses infrared technology. As your hand or debris approaches the bin (about 6 inches/10 cm away) the infrared sensor on the lid [Picture 1] automatically opens the lid."

21.     The '689 infringing products have a main body, with a vertical opening, as

1  shown below:



21    22.    The '689 infringing products have a rear chamber being defined by the main
22 body, as shown below:



23. The '689 infringing products have a lateral connecting groove being formed on a top surface of the main body, the rear chamber and the connecting groove being located behind the opening, with two through holes being formed on two ends of the connecting groove, as shown below:





24.   The '689 infringing products have a cover, pivotably disposed on the main body to move pivotably between an open position and a close position, the opening being open as the cover is at the open position, the opening being closed as the cover is at the close position, as shown below.



25. The '689 infringing products have a lateral connecting body being formed on a rear end of the cover, the connecting body having a connecting body opening facing downward, two pivot bores being formed on two ends of the connecting body and corresponding to the through holes respectively, as shown below.



26. The '689 infringing products have a covering plate, enclosing the connecting body opening, and a receiving room being defined between the connecting body and the covering plate, as shown below.



27. The '689 infringing products have two pivots, disposed in the receiving

room, each pivot inserting through one of the pivot bores and its corresponding through hole to pivot the cover on the main body, as shown above.

28.  The '689 infringing products have an induction unit for detecting a movement of a target body, as shown below.



29.  The '689 infringing products have a driving unit, operatively connecting to the induction unit, and the induction unit selectively activates the driving unit to drive the cover to pivotably move between the open position and the close position as the induction unit detects the target body moving, as shown above.

30.  The '689 infringing products have at least one resilient unit, being disposed in the rear chamber, the resilient unit providing the cover with a torque force for the cover to have a tendency to pivotably move to the open position, as shown below.



31. Plaintiff has, at all times, complied with 35 U.S.C. § 287(a) for the '689 Patent.

32. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiff.

33. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

34. Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorney's fees for the necessity of bringing these claims.

35. Due to the aforesaid infringing acts, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

36. Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the '689 Patent under 35 U.S.C. § 271;

B. Preliminary and permanent injunctions enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active



concert or participation with Defendant, from infringing the '689 Patent in violation of 35 U.S.C. § 271;

  C. That Defendant be ordered to recall all infringing products from all distribution channels, including all retailers;

  D. That Plaintiff recover compensatory damages for Defendant's infringement in an amount to be proven at trial, and in no event less than a reasonable royalty, together with prejudgment interest at the maximum legal rate;

  E. An Order adjudging that this is an exceptional case;

  F. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

  G. An award to Plaintiff of the attorney fees, expenses, and costs incurred by Plaintiff in connection with this action pursuant to 35 U.S.C. § 285;

  H. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

  I. Such other and further relief as this Court may deem just and proper.

Dated: December 22, 2016

By: /s/ Victor de Gyarfas
  Victor de Gyarfas
  Attorneys for Plaintiff
  iTouchless Housewares & Products, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable by a jury.

Dated: December 22, 2016

By: /s/ Victor de Gyarfas
Victor de Gyarfas
FOLEY & LARDNER LLP
Attorneys for Plaintiff
iTouchless Housewares & Products, Inc.